UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Royal Kenneth HAYES,<br><br>   Petitioner,<br><br>   v.<br><br>Robert L. AYERS Jr., Acting Warden of San Quentin State Prison,<br><br>   Respondent. | Case Number C 01 3926 MHP<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION<br><br>[Docket No. 37] |

In its Order Disposing of Cross-Motions for Summary Judgment, the Court found Respondent to be entitled to summary judgment on the remaining claims in Petitioner's Amended Petition for Writ of Habeas Corpus, Claims I through IX. Pursuant to the terms of that Order and Civil Local Rule 7-9, Petitioner now moves for leave to file a motion for reconsideration regarding Claims IV, V, and VI.

Claims IV and V are a pair of related claims that involve the allegedly false testimony of a key prosecution witness, Deborah Garcia. In seeking reconsideration, Petitioner contends that the Court manifestly failed to consider material facts contained in the record when it ruled that these claims lack merit. *See* Civ. L.R. 7-9(b)(3).

However, the Court did consider all of the facts proffered by Petitioner in connection with his current Motion, as they were contained in his summary-judgment briefing and the

Case No. C 01 3926 MHP
ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
(DPSAGOK)

1  record, of which, as noted in the Court's prior Order, the Court conducted a thorough,
2  independent review.  Moreover, a further examination of the record in light of Petitioner's
3  current brief leaves the Court's earlier conclusions undisturbed.  Accordingly, there is no basis
4  for the Court to reconsider its holdings regarding Claims IV and V.

5  In Claim VI, Petitioner contends that the use of allegedly unnecessary security
6  procedures deprived him of a fair trial.  In seeking reconsideration regarding this claim,
7  Petitioner relies on *Musladin v. Lamarque*, 427 F.3d 653 (9th Cir. 2005), *cert. granted sub nom.*
8  *Carey v. Musladin*, 126 S. Ct. 1769 (2006), which was decided just five days before the Court
9  issued its Order Disposing of Cross-Motions for Summary Judgment.  In *Musladin*, the Ninth
10  Circuit did not purport to change the law; rather, it explicitly applied "clearly established
11  Supreme Court law," 427 F.3d at 654, in determining whether "certain practices attendant to the
12  conduct of a trial can create such an unacceptable risk of impermissible factors coming into play
13  as to be inherently prejudicial to a criminal defendant," *id.* at 656 (internal punctuation omitted).
14  Petitioner argues that this standard, as recognized in *Musladin*, is less onerous than the standard
15  that was applied to Petitioner's Claim VI.

16  However, the Court's discussion of Claim VI in its Order Disposing of Cross-Motions for
17  Summary Judgment demonstrates that the security measures taken at Petitioner's trial were
18  appropriate and likely created no risk at all of impermissible factors coming into play when
19  Petitioner's jury deliberated and returned its verdict.  Under any standard, Claim VI lacks merit.
20  *Musladin* thus provides no basis for reconsideration of the Court's grant of summary judgment to
21  Respondent on Claim VI.

22  Accordingly, and good cause therefor appearing, the Court hereby denies Petitioner's
23  Motion for Leave to File a Motion for Reconsideration.  There being no further claims for the
24  Court to resolve, the Court will deny Petitioner's Amended Petition for Writ of Habeas Corpus.
25  If Petitioner wishes to request a certificate of appealability, he shall do so not less than twenty
26  days after the date that the Court issues the present Order Denying Petitioner's Motion for Leave
27  to File a Motion for Reconsideration.  Respondent shall respond to any such request not less than
28  twenty days after such request is filed.  Petitioner shall reply to any such response not less than

1 | ten days after such response is filed.  The Court will issue an order regarding any request for a
2 | certificate of appealability concurrently with its judgment for Respondent.

3 | *It is so ordered.*

5 | DATED: September 1, 2006

_____
MARILYN HALL PATEL
United States District Judge

Case No. C 01 3926 MHP
ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
(DPSAGOK)